**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4445**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNIE KYLE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00107-IMK-MJA-1)

Submitted: January 20, 2017        Decided: February 3, 2017

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bennie Kyle pled guilty, pursuant to a written plea agreement, to distributing cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2012). The district court sentenced Kyle to 27 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Kyle's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning whether Kyle's sentence is substantively reasonable. Kyle has filed a pro se supplemental brief contending that the district court erred in finding that he breached his plea agreement and that counsel provided ineffective assistance. We affirm the district court's judgment.

We review a district court's ruling that a defendant breached the plea agreement under a bifurcated standard. The district court's factual findings are reviewed for clear error, while "the district court's application of principles of contract interpretation" are reviewed de novo. United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). Here, Kyle challenges only the district court's factual finding that he was not credible, and we give a district court's credibility findings "the highest degree of appellate deference." United States v. White, 836 F.3d 437, 442 (4th Cir. 2016) (internal quotation

2

marks omitted). Thus, we conclude that the district court did not err in finding that Kyle breached his plea agreement.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Kyle's sentence is procedurally sound. Moreover, we conclude that Kyle's arguments fail to overcome the presumption of reasonableness accorded his within-Guidelines sentence. Finally, our review of the record does not conclusively show that counsel was ineffective and, thus, Kyle should raise this

3

claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. <u>See</u> <u>United States v. Faulls</u>, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Kyle, in writing, of the right to petition the Supreme Court of the United States for further review. If Kyle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kyle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>